UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIROSHI M. MORI,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Case No.: 25-CV-03074 TWR (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>(ECF No. 3) |

Presently before the Court is Defendant United States' Motion to Dismiss Plaintiff Hiroshi M. Mori's Claim for lack of subject-matter jurisdiction under FRCP 12(b)(1) ("Mot.," ECF No. 3), Plaintiff's Response in Opposition to ("Opp'n," ECF No. 6), Defendant's Reply in Support of ("Reply," ECF No. 7), and Plaintiff's Second Response in Opposition to ("Second Opp'n," ECF No. 9) the Motion.  Having carefully reviewed the Parties' arguments, Plaintiff's Complaint ("Compl.," ECF No. 1-2), the record, and the law, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

## BACKGROUND

On August 4, 2025, Plaintiff Hiroshi M. Mori, a resident of San Diego County, California, initiated this action by filing a claim in the Small Claims Court of the Superior Court of California, County of San Diego, case number 25SC03573C.  (*See generally*

Compl.)  Plaintiff named Glenys Rothwell, an employee of the Del Mar branch of the United States Postal Service ("USPS"), as the defendant.  (*Id.* at 3.)  Plaintiff alleges that on June 21, 2025, Glenys Rothwell notified him that the Post Office had issued him a "dog incident letter" because his dog had been off leash and had interfered with mail delivery to his home, but that a mail carrier also told him his dog did not interfere with mail delivery. (*Id.*)  Plaintiff further alleges that USPS stopped delivering mail to his home and, of six packages he expected to receive, only one was delivered and the rest were withheld or returned without notice from the USPS.  (*Id.*)  Plaintiff claims Glenys Rothwell owes him $500 based on legal fees, medical expenses, loss of work, and time spent on this matter. (*Id.* at 3–4.)  Plaintiff also seeks filing and service costs of $456 and pre-judgment interest of $8.49.  (*Id.* at 4.)

On November 10, 2025, pursuant to 28 C.F.R. § 15.4, the United States Attorney for the Southern District of California certified that Glenys Rothwell acted within the scope of her employment with USPS at the time of the events alleged in Plaintiff's Complaint.  (ECF No. 1-5.)  Also on November 10, 2025, Glenys Rothwell removed this matter to this Court pursuant to 28 U.S.C. § 1346(b).  (ECF No. 1.)  The United States then sought to substitute itself as the Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680.  (ECF No. 2.)  The Court subsequently granted the request and substituted the United States as the Defendant in this action.  (ECF No. 5.)

On November 19, 2025, the Defendant filed a Motion to Dismiss.  (*See* Mot.) Defendant raises two arguments for dismissal.  First, Defendant argues it has not waived its sovereign immunity because the Plaintiff's claim falls under the postal service exception at 28 U.S.C. § 2680(b) to the FTCA.  (*Id.* at 4–5.)  Second, Defendant argues the Court must dismiss the action because Plaintiff failed to first exhaust his administrative remedies. (*Id.* at 5–7.)  Defendant further contends the Court must dismiss Plaintiff's action with prejudice and without leave to amend.  (*Id.* at 5.)

///

///

25-CV-03074 TWR (KSC)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction over the claims asserted.  Fed. R. Civ. P. 12(b)(1).  "[A] court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *United States v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  Further, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**ANALYSIS**

**I.    Subject Matter Jurisdiction**

   ***A.    Postal Service Exception to Waiver of Sovereign Immunity***

The Postal Reorganization Act, 39 U.S.C. §§ 101 *et seq.*, "provides that the FTCA 'shall apply to tort claims arising out of activities of [USPS.]'" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (citing 39 U.S.C. § 409(c)).  "The FTCA, in turn, waives [the United States'] sovereign immunity." *Id.*  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Notably, the FTCA "qualifies its waiver of sovereign immunity for certain categories of claims." *Dolan*, 546 U.S. at 485.  "If one of the exceptions applies, the bar of sovereign immunity remains." *Id.*  One such exception is the postal service exception, which provides that provisions of the FTCA do not apply to "[a]ny claim arising out of the

loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by [the postal service] exception." *Dolan*, 546 U.S. at 485.

The postal service exception to the waiver of sovereign immunity applies to Plaintiff's claim. Indeed, "[i]llustrative instances of the exception's operation . . . would be personal or financial harms arising from nondelivery or late delivery of sensitive materials." *Id.* at 489. This is exactly what occurred here. Plaintiff argues he suffered personal and financial harm due to USPS's failure to deliver five out of six of his packages. (Compl. at 3–4.) Courts have applied the postal exception to similar claims of harm stemming from USPS's failure to deliver mail. *See, e.g.*, *Martinez v. United States*, No. 1:24-CV-00494-SAB, 2024 WL 3498455, at *3 (E.D. Cal. July 22), *report and recommendation adopted,* 2024 WL 3758035 (E.D. Cal. Aug. 12, 2024) (finding plaintiff's claim "clearly falls within the postal matter exception to the FTCA" where he claimed to suffer injury from USPS's failure to deliver his letters to his sister); *Valdez v. United States*, 365 F. Supp. 3d 1181, 1185 (D.N.M. 2019) (finding plaintiff's claims "fall[] squarely within" the postal service exception where she claimed to suffer financial loss from USPS's failure to deliver packages to her address).

In his Opposition, Plaintiff asserts that the postal service exception does not apply to his claim. (Opp. at 2–3.) Specifically, Plaintiff argues his claim does not arise from USPS's failure to deliver his packages, but rather from a series of wrongful acts, including defamation, intentional protocol violations, coercive conduct, and "arbitrary and capricious action." (*Id.*) However, when considering a motion to dismiss pursuant to Rule 12, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original). Because Plaintiff did not include such allegations in his Complaint, the Court cannot properly consider them. / / /

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Given that Defendant has not waived its sovereign immunity, (*see* Mot. at 4), this Court lacks subject-matter jurisdiction over Plaintiff's action. Accordingly, the Court **DISMISSES** the action. *See* Fed. R. Civ. P. 12(h)(3).

### B.    Administrative Exhaustion

Prior to filing an action under the FTCA, a plaintiff must file an administrative claim with the appropriate federal agency. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *see* 28 U.S.C. § 2675(a). Generally, the agency must deny the claim before the plaintiff can file their lawsuit. 28 U.S.C. § 2675(a). If the agency does not resolve the claim within six months of its filing, however, the claim may be deemed denied. *Id.* Because "[t]he timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA," it "should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (citation omitted). "A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." *Id.*

Plaintiff does not allege that he filed an administrative claim with the USPS before he filed the present action.[1] (*See generally* Compl.) Because Plaintiff did not fulfill the administrative exhaustion prerequisite, this Court lacks subject-matter jurisdiction and **DISMISSES** the action.[2] *See* Fed. R. Civ. P. 12(h)(3).

## II.    Leave to Amend

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). If no other court has

---

[1]    USPS is the appropriate federal agency because Plaintiff's claim arises from the alleged negligence of Glenys Rothwell, an employee of the Del Mar branch of USPS. *See* 28 U.S.C. § 2675(a).

[2]    This finding is independent of the postal service exception discussed above. *See supra* Section I.A.

25-CV-03074 TWR (KSC)

the power to hear a case, however, and the plaintiff cannot redraft their claims to avoid exceptions to the FTCA, then the bar of sovereign immunity is absolute and dismissal with prejudice is proper. *Id.*

No other court has the power to hear Plaintiff's action. Plaintiff cannot seek relief in state court because district courts have exclusive jurisdiction over civil actions against the United States for money damages and loss of property caused by the negligence or omission of any federal employee acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *see Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) ("The [FTCA] vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.").

Additionally, Plaintiff cannot alter his complaint to avoid the postal service exception. No matter how he words it, Plaintiff's alleged personal and financial harms stem from USPS's failure to deliver packages to his home. (Compl. at 3–4.) Because "[s]uch harms . . . are the sort primarily identified with the Postal Service's function of transporting mail throughout the United States," *Dolan*, 546 U.S. at 489, Plaintiff cannot redraft his complaint to escape the postal service exception to the FTCA. *See Trammelle v. United States*, No. 2:21-CV-01826-HL, 2022 WL 658707, at *2 (D. Or. Feb. 7), *report and recommendation adopted*, 2022 WL 657408 (D. Or. Mar. 4, 2022) (finding "no amendments could cure" plaintiff's claims of lost mail from falling under the postal service exception given this exception's "broad scope"). As such, the bar of sovereign immunity is absolute, and the Court thus **DISMISSES WITH PREJUDICE** the action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

25-CV-03074 TWR (KSC)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**IT IS SO ORDERED.**

Dated:  March 19, 2026

_____
Honorable Todd W. Robinson
United States District Judge

25-CV-03074 TWR (KSC)